IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ZUFFA, LLC d/b/a ULTIMATE  \*
FIGHTING CHAMPIONSHIP,
                                                    \*

   Plaintiff,

                                                    \*

 v.                                                    Civ. Action No. 8:20-cv-0273-PX

                                                    \*

RICK RIVEIRA FERRELL, *et al.*,

                                                    \*

   Defendants.

                                                   \*\*\*

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Zuffa, LLC's ("Zuffa's") Motion for Default Judgement. ECF No. 13. Defendants Gumbo Ya Ya to Geaux LLC ("Gumbo Ya Ya") and Rick Riveira Ferrell ("Ferrell") have not responded to the Complaint or this motion, and the time for doing so has passed. *See* Loc. R. 105.2.a. The matter has been briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court GRANTS default judgment as to Gumbo Ya Ya but DENIES the motion as to Ferrell. ECF No. 13.

**I.    Background**

Plaintiff Zuffa is the copyright owner of "UFC 232," a mixed martial arts event that was produced by the Ultimate Fighting Championship on December 29, 2018 (the "Fight"). ECF No. 1 ¶¶ 6, 38–39; ECF No. 13-2. Defendant Gumbo Ya Ya advertised and broadcasted the Fight at its commercial establishment without first obtaining the proper license from Zuffa. ECF No. 1 ¶¶ 13, 23–25; ECF No. 1-1; ECF No. 13-7. On the night of the Fight, Zuffa's private investigator visited Gumbo Ya Ya and watched the Fight on one of the TVs behind the bar. ECF

No. 13-1 at 4; ECF No. 13-6 at 1. He did not pay a cover charge for entry. ECF No. 13-6 at 1. He approximates the establishment seats 51-100 patrons. *Id.* at 2. According to Zuffa, the licensing fee that it charged to broadcast the Fight for an establishment of that size was $998. ECF No. 13-4.

Zuffa filed suit on January 31, 2020 against Gumbo Ya Ya and Ferrell, who on "information and belief" is Gumbo Ya Ya's "officer, director, shareholder, and/or principal." ECF No. 1 ¶ 8. Zuffa asserts that Defendants violated the Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Communications Act"); the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553 ("Cable Act"); and the Copyright Act, 17 U.S.C. § 501. *Id.* ¶¶ 28, 35, 44.

Zuffa properly served Defendants on March 6, 2020. *See* ECF Nos. 6 & 7. Thereafter, Defendants made no effort to participate in this litigation. The clerk entered default on September 18, 2020, pursuant to Federal Rule of Civil Procedure 55(a).[1] ECF Nos. 8 & 9. On December 2, 2020, Zuffa filed this motion seeking default judgment as to both Defendants. ECF No. 13.

## II.     Standard of Review

Rule 55(a) provides that "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision

---

[1] In Zuffa's request for notice of default, it included Defendants' last known addresses, as required under Local Rule 108.2. ECF Nos. 8 & 8-3. The Clerk mailed the notice of default to Ferrell and Gumbo Ya Ya, but the notice to Gumbo Ya Ya was returned as undeliverable. ECF Nos. 10, 11, & 12. Also, although not required, Zuffa sent written notice to Gumbo Ya Ya and Ferrell of its motion for default judgment. *See* ECF No. 13-9; Fed. R. Civ. P. 55(b)(2); Fed. R. Civ. P. 5(a)(2), (b)(2)(C); *see also Koho v. CIT Group/Consumer Finance*, No. RLV-AJB-09-2096, 2010 WL 11647645, at *2 n.2 (N.D. Ga. Apr. 23, 2010).

is left to the discretion of the court.  *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005); *Joe Hand Promotions, Inc. v. Luz, LLC*, No. DKC-18-3501, 2020 WL 374463, at *1 (D. Md. Jan. 23, 2020).  While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," default judgement may be appropriate where a party is unresponsive.  *Lawbaugh*, 359 F. Supp. 2d at 421 (internal quotation marks omitted) (quoting *Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993))).

When considering a motion for default judgement, the court accepts as true all well-pleaded factual allegations, other than those pertaining to damages.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact … [but] [t]he defendant is not held … to admit conclusions of law") (citation and internal quotation marks omitted); *Disney Enter., Inc. v. Delane*, 446 F. Supp. 2d 402, 406 (D. Md. 2006).  District courts analyzing default judgments have applied the standards articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to determine whether the allegations are well-pleaded.  *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972, at *2–3 (D. Md. Apr. 9, 2012); *United States v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832, at *2–3 (D. Md. Oct. 27, 2011).  Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied.  *Balt. Line Handling*, 771 F. Supp. 2d at 544 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted."); *see also Basba v. Xuejie*, No. PX-19-380, 2021 WL 242495, at *3

(D. Md. Jan. 25, 2021). In this respect, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Balt. Line Handling*, 771 F. Supp. 2d at 540 (internal quotation marks omitted). Rather, the Court must decide whether the "well-pleaded allegations in [the plaintiff's] complaint support the relief sought." *Ryan*, 253 F.3d at 780.

Once liability is established, the Court cannot rely solely on the Complaint to assess damages. *See Lawbaugh*, 359 F. Supp. 2d at 422; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009). The Court may either conduct a hearing or rely on affidavits and documentary evidence in the record to determine what damages, if any, are warranted. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citation omitted).

### III. Analysis

Zuffa seeks default judgment as to Defendants' violations of the Communications Act, 47 U.S.C. § 605 (Count I), and the Copyright Act, 17 U.S.C. § 501 (Count III).[2] ECF No. 13. Because the same averred facts support both claims, the Court considers them together.

#### A. Liability

Section 605 of the Communications Act "prohibits the unauthorized interception or receipt of 'digital satellite television transmissions.'" *J & J Sports Prods., Inc. v. Beer 4 U, Inc.*, No. TDC-18-2602, 2019 WL 5864499, at *3 (D. Md. Nov. 8, 2019) (quoting *J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 588 n.3 (D. Md. 2012)); *see also That's*

---

[2] Presumably, Zuffa is not seeking default judgment for its Cable Act claims because it cannot recover under both the Communications and Cable Acts, and the Communications Act provides for greater recovery. *See Joe Hand Promotions, Inc. v. Aguilar*, No. TDC-19-0458, 2019 WL 4071776, at *2 (D. Md. Aug. 29, 2019) (citing *J & J Sports Prods., Inc. v. Royster*, No. RWT-11-1597, 2014 WL 992779, at *2 (D. Md. Mar. 13, 2014)). Accordingly, the Court dismisses without prejudice the Cable Act claim.

*Ent., Inc. v. J.P.T., Inc.*, 843 F. Supp. 995, 999 (D. Md. 1993) (prohibiting the interception or "unauthorized divulgence" of satellite communications and cable television services "which have been received legally for certain purposes" (quotation omitted)). It provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). To establish liability, Zuffa need only show that "it had the exclusive commercial distribution rights" to the Fight, and that Gumbo Ya Ya and Ferrell exhibited the Fight "without authorization." *Beer 4 U*, 2019 WL 5864499, at *3; *see also Aguilar*, 2019 WL 4071776, at *2 (same).

The Copyright Act provides, in some sense, broader protections. The Copyright Act "grants the copyright holder 'exclusive' rights to . . . his work . . . including reproduction of the copyrighted work in copies." *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 549 (4th Cir. 2004) (quoting *Sony Corp. v. Universal City Studios, Inc*., 464 U.S. 417, 432–33 (1984)). Under the Act, "[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501. For a copyright infringement claim, a plaintiff must show: (1) ownership of a valid copyright; and (2) encroachment upon one of the exclusive rights afforded by the copyright. *Avtec Sys., Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994). These rights include the right to "perform" and "display the copyrighted work publicly." 17 U.S.C. § 106(4)-(5); *see also id.* § 101 ("To perform . . . a work 'publicly' means [among other things] to transmit . . . a performance . . . of the work . . . to the public."). Thus, "[t]he unauthorized broadcast of copyrighted programs to the public constitutes copyright infringement." *Zuffa, LLC v. Roldan*, No PDB-14-795, 2015 WL 12862924, at *6 (M.D. Fla. Aug. 13, 2015) (citing *Prostar v. Massachi*, 239 F.3d 669, 677 (5th Cir. 2001); *Nat'l Football*

5

*League v. PrimeTime 24 Joint Venture*, 211 F.3d 10, 12 (2d Cir. 2000)); *see also Zuffa, LLC v. Kamranian*, No. CSM-11-0036, 2013 WL 1196632, at *6 (D.N.D. Mar. 25, 2013); *Zuffa, LLC v. Black Diamond, Inc.*, No. SHM-10-2844, 2011 WL 6217143, at *7 (W.D. Tenn. Dec. 14, 2011); *Aguilar*, 2019 WL 4071776, at *3; *cf. Am. Broad. Co., Inc. v. Aereo, Inc.*, 573 U.S. 431, 436 (2014) (noting the absence of a license before transmitting copyrighted work).

When viewing the facts in the Complaint as true and most favorably to Defendants, Gumbo Ya Ya violated both statutes in broadcasting the Fight without a license.[3] It is clear that Zuffa owns the copyright and the exclusive distribution rights to the Fight. ECF No. 1 ¶¶ 18–21; ECF No. 13-2. Equally clear is that Gumbo Ya Ya never obtained a license from Zuffa in advance of its broadcasting the Fight on December 29, 2018. ECF No. 1 ¶ 40; ECF No. 13-3 ¶ 8; ECF No. 13-5. Accordingly, liability as to Gumbo Ya Ya is established. *See Beer 4 U*, 2019 WL 5864499, at *4 (citing *That's Ent.*, 843 F. Supp. at 999 (holding a corporate defendant liable for the unauthorized exhibition of the broadcast of a boxing match to patrons at its commercial establishment); *J & J Sports Prods., Inc. v. Get Away Lounge, Inc.*, No. TDC-13-3064, 2015 WL 4638060, at *2–3 (D. Md. July 31, 2015) (same); *Joe Hand Promotions, Inc. v. Dock Street Enters., Inc.*, No. WMN-11-1973, 2011 WL 6141058, at *4 (D. Md. Dec. 8, 2011) (same)); *see Aguilar*, 2019 WL 4071776, at *3 (copyright violation based on unauthorized broadcast); *see also Roldan*, 2015 WL 12862924, at *6 (finding public display of Ultimate Fighting Championship event at restaurant without a license infringed Zuffa's copyright). The Court grants default judgment against Gumbo Ya Ya on Counts I and III. ECF No. 13.

---

[3] Zuffa has submitted affidavits and other supporting documentation, which this Court may consider in resolving the motion. *See* Fed. R. Civ. P. 55(b)(2)(B); *see also Balt. Line Handling*, 771 F. Supp. 2d at 541–45; *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 374 (D. Md. 2012).

The same cannot be said about Ferrell. Zuffa seeks liability against Ferrell merely because he is Gumbo Ya Ya's "officer, director, shareholder, principal, manager, and/or member." ECF No. 1 at 1. Both the Communications and Copyright Acts permit vicarious liability where the plaintiff proves the individual defendant maintained both a "right and ability to supervise that coalesce[d] with an obvious and direct financial interest in the exploitation of copyrighted materials." *Beer 4 U*, 2019 WL 5864499, at *4 (internal quotation marks omitted) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997); *citing CoStar Grp.*, 373 F.3d at 550). To establish liability under either statute, Zuffa must show Ferrell had the (1) "'right and ability to supervise the violative activity, although [he] need not [have] be[en] supervising because [he] need not know of the violative activity,' and (2) 'a direct financial interest in the violation, i.e., financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity.'" *Beer 4 U*, 2019 WL 5864499, at *4 (quoting *J & J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95–96 (3d Cir. 2018) (collecting cases); citing *J & J Sports Prods., Inc. v. Brady*, 672 F. App'x 798, 801–02 (10th Cir. 2016)).

The Complaint does not aver any facts which establish that Ferrell either supervised the broadcast of the Fight or that he financially benefited from the same. Rather, the Complaint merely states that "upon information and belief" Ferrell was a Gumbo Ya Ya "officer, director, shareholder, and/or principal" and that he had "supervisory capacity and control over" the establishment generally.[4] ECF No. 1 ¶¶ 8, 9. Moreover, the vague allegation that Ferrell

---

[4] Even if these averments, as stated, were somehow sufficient, "[a]n allegation made 'on information and belief' does not serve as a reliable foundation upon which to predicate a final judgment." *Balt. Line Handling*, 771 F. Supp. 2d at 543 (quoting *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4–5 (2d Cir. 1970) (vacating default judgment that was based on factual assertions made "on information and belief")); *see also Optimum Welding*, 285 F.R.D. at 374 (finding a "deficiency of proof" where elements necessary to establish liability are alleged "upon information and belief"); *Int'l Painters & Allied Trades Indus. Pension Fund v. Royal Int'l Drywall & Decorating, Inc.*, No. SAG-18-3648, 2019 WL 5576961, at *4 (D. Md. Oct. 29, 2019) (following *Balt. Line Handling* and *Oceanic Trading*). This is especially so when no *facts* support the conclusory averments. *See*

"received a financial benefit" from Gumbo Ya Ya's operations, *id.* ¶ 10, does not equate with deriving financial gain from broadcasting the Fight. This is so even if the Court accepts as true that Ferrell advertised the Fight on Gumbo Ya Ya's Facebok page. *Id.* ¶ 13; ECF No. 1-1; ECF No. 13-7. Zuffa's motion for default judgment is therefore denied as to Ferrell. ECF No. 13.

The Court next considers Zuffa's request for damages.

### B.     Damages under the Communications Act

Zuffa first seeks $10,000 in statutory damages under the Communications Act. ECF No. 13-1 at 10. The Communications Act allows a court to impose "a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). The "statutory damages should approximate the amount the Plaintiff is out-of-pocket due to the violation." *Luz*, 2020 WL 374463, at *2 (quotation omitted). In this district, courts often look to the licensing fee charged for lawful broadcast of the program as a proper benchmark. *See Aguilar*, 2019 WL 4071776, at *3; *J & J Sports Prods., Inc. v. Plaza Del Alamo, Inc.*, No. TDC-15-0173, 2016 WL 153037, at *3 (D. Md. Jan. 12, 2016); *J & J Sports Prods., Inc. v. KD Retail, Inc.*, No. PX-16-2380, 2017 WL 1450218, at *2 (D. Md. Apr. 20, 2017). For the size of Gumbo Ya Ya, the fee was $998 dollars to broadcast the Fight. *See* ECF No. 13-4; ECF No. 13-6 at 2. The Court therefore awards Zuffa the statutory minimum of $1,000 in damages. *See* 47 U.S.C. § 605(e)(3)(C)(i)(II).

Zuffa also seeks $10,000 in enhanced damages. ECF No. 13-1 at 10. Under § 605(e), if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000." 47 U.S.C. § 605(e)(3)(C)(ii). Courts

---

*Optimum Welding*, 285 F.R.D. at 374; *see also Balt. Line Handling*, 771 F. Supp. 2d at 544 (denying motion for default judgment because supporting allegations were not "well-pleaded").

look to several factors to determine whether enhanced damages are warranted, including: "(1) evidence of willfulness; (2) repeated violations over an extended period of time; (3) substantial unlawful monetary gains; (4) advertising the broadcast; and (5) charging an admission fee or charging premiums for food and drinks." *Aguilar*, 2019 WL 4071776, at *3 (internal quotation marks omitted) (quoting *J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010)); *see also KD Retail*, 2017 WL 1450218, at *2.

According to the record evidence, Gumbo Ya Ya did not have patrons pay a cover charge or a food-and-drink premium, and the establishment was substantially below capacity that night. *See* ECF No. 13-6 (site inspection by private investigator); ECF No. 13-1 at 4 (video evidence). There is also no evidence Gumbo Ya Ya has repeatedly violated the Act or that it substantially profited from broadcasting the Fight. Gumbo Ya Ya, however, did advertise the Fight on its Facebook page, demonstrating a purposeful intent to circumvent licensure requirements. *See* ECF Nos. 1-1 & 13-7. Gumbo Ya Ya also chose not to participate in this litigation entirely. These facts support an award of $5,000 in enhanced damages, or five times the amount of statutory damages. *See KD Retail*, 2017 WL 1450218, at *2 (citation omitted).

### C. Damages Under the Copyright Act

Zuffa also seeks $10,000 in statutory and enhanced damages under the Copyright Act. 17 U.S.C. §§ 504(c)(1)-(2); ECF No. 13-1 at 15–17. The Communications Act and the Copyright Act "vindicate separate rights," but this Court has "broad discretion in setting the amount of statutory damages under the Copyright Act." *Aguilar*, 2019 WL 4071776, at *4 (quotation omitted).

Zuffa's claims under both statutes are based on the same underlying conduct. *See id.*; *Joe Hand Promotions, Inc. v. Garcia-Nunez*, No. MC-6:18-01452, 2019 WL 2437456, at *3 (D. Or.

9

June 11, 2019); *Joe Hand Promotions, Inc. v. Levin*, No. JPO-18-9389, 2019 WL 3050852, at *5-6 (S.D.N.Y. July 12, 2019).  This Court has already awarded "a substantial sum under the Communications Act and has thereby vindicated the aims of the Copyright Act to the extent that the two statutes' purposes overlap." *Aguilar*, 2019 WL 4071776, at *4 (quoting *Levin*, 2019 WL 3050852, at *5).  At this point, awarding Zuffa an additional $10,000 in damages would be "duplicative and excessive."  *Id.* (quotation omitted); *see also Zuffa, LLC v. Mosman*, No. JFW-19-6184, 2020 WL 6174576, at *2 (C.D. Cal. Mar. 9, 2020); *Zuffa, LLC v. Perris*, No. MRH-19-0938, 2020 WL 502645, at *5-6 (W.D. Pa. Jan. 31, 2020).  "Nonetheless, to the extent that the Copyright Act vindicates separate rights," the Court will award the statutory minimum of $750 in damages.  *Aguilar*, 2019 WL 4071776, at *4 (citing 17 U.S.C. § 504(c)(1)); *see also Mosman*, 2020 WL 6174576, at *2.

**IV.   Conclusion**

For the above reasons, Zuffa's default judgement motion will be granted in part and denied in part, and judgement will be entered against Gumbo Ya Ya for a total of $6,750 in damages.  A separate Order follows.

| | |
|---|---|
| 6/7/21 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |